IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CALVIN JOHNSON | : | CIVIL ACTION |
| | : | |
| v. | : | No. 03-4810 |
| | : | |
| SUPT. KYLER, et al. | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                              **August 21, 2024**

      Pro se Petitioner Calvin Johnson moves pursuant to Federal Rule of Civil Procedure 60(b) to set aside this Court's Memorandum and Order of March 23, 2004 denying habeas relief. He argues an intervening change in law regarding *Brady* claims merits relief. Because this Court denied habeas relief as time-barred, and not for failure to exercise due diligence in seeking out *Brady* material, the motion will be denied.

**BACKGROUND**[1]

      On September 10, 1985, a jury convicted Petitioner Calvin Johnson of first-degree murder for the shooting death of Gerald Goode in the Bartram Gardens Village projects of Philadelphia on September 23, 1984. Johnson was sentenced to life in prison and a consecutive two-and-a-half to five-year sentence for possessing an instrument of crime. The Superior Court denied Johnson's timely direct appeal. The Supreme Court of Pennsylvania denied *allocatur* on December 14, 1987. Johnson filed a petition for relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541, on July 18, 1995, which the PCRA court denied on December 18, 1996.[2]

---

[1] This factual background is a lightly edited version taken from the Court's March 23, 2004 Memorandum. *See* ECF No. 32.

[2] Prior to filing the PCRA petition, Johnson filed a pro se habeas petition, which the Honorable Clifford Scott Green dismissed without prejudice for failure to exhaust state remedies. *See Calvin Johnson v. William Love, et al.*, Civ. No. 93-3305, Order, Aug. 26, 1993, ECF No. 8.

Johnson filed a pro se appeal, which the Superior Court denied on the merits on May 29, 1998. The Pennsylvania Supreme Court denied *allocatur* on January 15, 1999.

In December 1999, Johnson filed his second pro se PCRA petition, which, after amendment with the assistance of counsel, the PCRA court dismissed on timeliness grounds without a hearing. Johnson argued the Commonwealth "violated its discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) [ ], by failing to disclose portions of the criminal histories of three Commonwealth witnesses, Henry Snell, Tony Miles, and the victim." *Commonw. v. Johnson*, No. 2402 EDA 2001 (Pa. Super. Ct. 2002), ECF No. 10 at 57. The Superior Court rejected Johnson's argument that the withholding of these histories constituted "governmental interference," which would have triggered an exception to the PCRA's timely filing requirement. Specifically, the Superior Court concluded "the *Brady* claim fails, as it is wholly speculative." *Id*. Later in the opinion, the Superior Court also noted Johnson had "failed to offer a reasonable explanation as to why the [*Brady*] information, with the exercise of due diligence, could not have been obtained earlier." *Id.* at 59. The Pennsylvania Supreme Court denied *allocatur* on July 15, 2003.

On August 21, 2003, Petitioner Calvin Johnson filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Johnson's habeas petition raised 12 issues, including a claim under *Brady*. *See* Report and Recommendation ("R&R") 4, ECF No. 20. In a R&R, Magistrate Judge M. Faith Angell recommended denial of Johnson's petition as untimely. *Id.* Johnson filed objections to the R&R and argued he was entitled to statutory and equitable tolling. ECF No. 23. On March 23, 2004, this Court overruled Johnson's objections and approved and adopted Judge Angell's R&R. ECF No. 25. Johnson then sought a certificate of appealability from the United States Court of Appeals for the Third Circuit. His application was denied on August 18, 2005. Johnson filed an initial motion under Federal Rule of Civil Procedure 60(b) on March 31, 2006, which this Court

promptly denied. Johnson now moves to reopen this habeas matter pursuant to Federal Rule of Civil Procedure 60(b) for a second time. The Philadelphia District Attorney's Office filed a response in opposition on May 22, 2024. The motion is now ripe for review.

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Johnson filed this motion pursuant to Rule 60(b)(3) and (b)(6). Under Rule 60(b)(3), the Court may grant relief based on "fraud . . ., misrepresentation, or misconduct by an opposing party." Motions under Rule 60(b)(3) "must be made . . . no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). Because Johnson seeks to reopen an order entered 20 years ago, his motion under Rule 60(b)(3) is barred.

Rule 60(b)(6), however, is a catch-all provision which allows the Court to grant relief for "any other reason that justifies relief." Rule 60(b)(6) motions "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). "What constitutes a reasonable time depends on the circumstances of each case." *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Product Liab. Litig.*, 383 F. App'x 242, 246 (3d Cir. 2010). The circumstances to consider include "finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties." *Id.* A party seeking relief from a judgment under Rule 60(b)(6) must "show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535 (internal citations omitted). "Such circumstances will rarely occur in the habeas context." *Id.*

Johnson argues an intervening change in law concerning *Brady* claims merits relief, citing to *White v. Vaughan*, Civ. No. 94-6598, 2022 WL 4080760 (E.D. Pa. Sept. 6, 2022). An

3

intervening change in law can constitute extraordinary circumstances. The threshold inquiry is "whether the asserted change is material to the basis on which the [] court initially denied habeas relief." *Bracey v. Supt. Rockview SCI*, 986 F.3d 274, 284 (3d Cir. 2021). If the change in law is material, then the Court must consider the factors outlined in *Cox v. Horn*, 757 F.3d 113 (3d Cir. 2014). Those factors include "(1) whether the change in law concerns a constitutional rule or right for criminal defendants, (2) the merits of the petitioner's underlying claim, (3) principles of finality and comity, (4) petitioner's diligence in pursuing review, and (5) the imperative of correcting a fundamentally unjust incarceration." *White*, 2022 WL 4080760 at *3 (citing *Cox*, 757 F.3d at 295-96).

The *White* case did not constitute a change in law, but it discussed two cases applicable to *Brady* claims and procedural default. The first case discussed was *Dennis v. Secretary, Pa. Department of Corrections*, 834 F.3d 263 (3d Cir. 2016), which established "that the prosecutor's obligation to disclose Brady material is absolute and that a defendant has no independent obligation to ferret out Brady material." *White*, 2022 WL 4080760 at *6. The second case discussed was *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274 (2021), which "clarified that Dennis constituted a material change in the law and critically informs the relevance of that change to issues of procedural default that are dependent upon a defendant's knowledge that Brady material exists." *Id.*

This case and *White* both involve *Brady* claims which were denied on habeas review as procedurally defaulted. But in *White,* the procedural default was predicated on a state court holding that the *Brady* claim was waived for failure to raise it on direct review. *Id.* at *2. Of note, the state court which made this finding faulted petitioner's trial counsel for "laziness" in not investigating and seeking out *Brady* material. *Id.* By contrast, this Court concluded Johnson's habeas petition

4

was procedurally defaulted because he failed to timely file it. This conclusion was not predicated on a failure to seek out *Brady* material.[3] *See* Mem. & Order, Mar. 23, 2004, 6-7, ECF No. 25 (concluding statutory and equitable tolling did not apply). This difference renders the change in law discussed in *White* immaterial to Johnson's petition.

Because the change in law represented by *Dennis* and *Bracey* is not material to the basis on which this Court denied habeas relief in 2004, the Court need not consider the *Cox* factors. Moreover, the Court is not convinced Johnson brought this motion "within a reasonable time," as required by Rule 60(c)(1). Johnson represents that he filed this motion as soon as he discovered *White*. Mot. Relief 8, ECF No. 37. But as discussed above, *White* was predicated on two prior cases, the latter of which was decided more than two-and-a-half years before Johnson sought 60(b) relief. Therefore, the motion will be denied.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[3] The Superior Court decision discussed on page 2 of this memorandum does not change the Court's conclusion. Although the Superior Court noted Johnson had not exercised due diligence in seeking out *Brady* material—a conclusion which is now foreclosed by *Dennis* and *Bracey*—this discussion was separate from its independent conclusion that the allegations of governmental inference based on withheld *Brady* material was speculative. And there is no evidence in the record before the Court, other than Johnson's own assertions, to conclude otherwise.